22757

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Appellant v. Edgar and Eunice GERALD, Respondents. In the Interest of ANGELA G., a minor under the age of eighteen years.

(358 S. E. (2d) 712)

Supreme Court

*Sol. James C. Anders* and *Asst. Sol. Thomas M. Neal, III,* Columbia, *for appellant.*

*John Mason,* Columbia, *for respondents.*

*John M. Williamson,* Columbia, *for Angela G.*

*Francenia B. Heizer* and *Carolyn Stringer, of Guardian ad litem Project,* Columbia, *for Dottie Ingram, Guardian ad litem for Angela G.*

Heard June 11, 1987.

Decided July 20, 1987.

HARWELL, Justice:

The family court ordered the South Carolina Department of Social Services (DSS) to place Angela G. in a long-term residential treatment facility (Devereaux) in Georgia at a cost of approximately $85,000 per year. DSS appeals.

Angela G., a victim of emotional abuse, was placed in DSS's custody in 1984. By June, 1986, she had been in approximately 15 different group homes, foster homes, and mental health facilities. Numerous reviews and disposition

hearings were held to determine an appropriate placement and treatment plan for Angela. Throughout her time in DSS's custody, Angela continued to display seriously inappropriate behavior in the form of repeatedly running away, disrupting placements, sexual activity, alcohol and drug abuse, and other such conduct.

A hearing was held to dispose of a contempt charge against Angela and to determine an appropriate permanent placement for her. In its order, the family court found that Angela was a seriously emotionally disturbed child in need of long-term therapy and that the Department of Youth Services (DYS) and DSS had failed to deliver the services that Angela needed. Considering the guardian ad litem's recommendation and the facts of this case, the family court condluded that placement at Devereaux was the only remaining alternative. The family court therefore ordered DSS to place Angela at Devereaux. At that time, Devereaux cost approximately $85,000 per year. Angela's parents were ordered to pay $400 per month toward Angela's expenses and DSS was ordered to pay the rest.

The family court also held Angela in willful contempt for the violation of numerous court orders. Angela was sentenced to six months' confinement unless purged by attending Devereaux for two years or such time as the Devereaux staff deemed appropriate. The family court ordered DSS to pay Angela's attorney fees in the amount of $450.

While the family court is given wide latitude to take whatever actions it deems necessary in the best interest of a child, we find that the family court abused its discretion in this case. The legislature gave express recognition to the fiscal limitations and administrative realities of the child protection system. "Where resources are limited, services shall be targeted to those children in greatest need." S. C. Code Ann. § 20-7-20(E) (1976). The placement of one child at such an extremely expensive facility could be achieved only by denying services to numerous other children. Given the large number of children requiring the resources of DSS, the finite budget provided for this purpose, and the facts of the case before us, we cannot in good conscience allow Angela to remain in a private, out-of-state instititution at a cost to South Carolina taxpayers of $85,000 per year.

The Department of Mental Health diagnosed Angela and concluded that she was not psychotic, not experiencing a thought disorder, not delusional, not experiencing hallucinations, not clinically depressed, and not exhibiting any suicidal or homicidal ideations. The reports of the Department of Mental Health and DYS essentially concluded that Angela was a behavior problem. This is not a sufficient basis for the action ordered to be taken in this matter.

We reverse and remand this case with instructions for the family court to determine what additional care, if any, needs to be provided for Angela in light of her age and present circumstances.

The award of attorney fees in this matter was proper and the judge's order is affirmed in this regard.

Affirmed in part; reversed in part; and remanded.

NESS, C. J., CHANDLER, FINNEY, JJ., and Acting J. SANDERS, concur.